FILED ENTERED
LODGED RECEIVED

JUL 2 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CURTIS JEFFERSON,

    Plaintiff,

v.

    Civil Action No. RDB-17-3299

MARK ZUKERBERG, FACEBOOK,
COMPANY, *et al.*,

    Defendants.

* * * * * * * * * * * * *

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Curtis Jefferson ("Plaintiff" or "Jefferson") brings this action against Defendants Facebook, Inc. ("Facebook"), Mark Zuckerberg,[1] Yahoo and Alfred Amoroso[2] seeking $700 million dollars for "defamation of character" stemming from an arrest that took place in Baltimore, Maryland approximately two years ago. (Am. Comp., ECF No. 3.) Currently pending before this Court is Defendants Facebook and Mark Zuckerberg's (collectively "Facebook Defendants") Motion to Dismiss the Amended Complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md.

---

[1] Defendant is identified in the Amended Complaint as "Zukerberg" (ECF No. 3); however Defendant's Motion to Dismiss properly identifies the correct spelling as "Zuckerberg." (ECF No. 4 at 5.) Thus, the Clerk of this Court is directed to substitute the correct spelling and recaption this case.

[2] The record shows that Plaintiff never effectuated service of process on Defendants Yahoo and Alfred Amoroso. Accordingly, both Yahoo and Alfred Amoroso are DISMISSED from this action.

1

2016). For the reasons stated below, Facebook Defendants' Motion to Dismiss (ECF No. 4) is GRANTED.[3]

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construed" the pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141(4th Cir. Oct. 5, 2017).

On November 17, 2017, Plaintiff Curtis Jefferson filed a Complaint seeking $700 million dollars for character defamation in connection with events that transpired during his arrest in Baltimore, Maryland on September 16, 2015. (ECF No. 1 at 6.)[4] According to Jefferson's statement of the claim, he was "drop[ping] his girlfriend off from the store," when he "witness[ed] a fight in the alley" involving two girls. (*Id.*) Jefferson attempted to see if "some[one] needed help" but could not tell because a "helicopter was flying around in the air." (*Id.*) Jefferson alleges that he was then "pulled over for nothing" and "arrested for [a] suspended license." (*Id.*) Construing Plaintiff's pleadings liberally in light of his *pro se* status, it

---

[3] The Amended Complaint (ECF No. 3) also sought to add Google and Sundan Pichai as defendants. However, Plaintiffs never effectuated service of process on either party, nor is there any indication that either party has ever been notified of this litigation. Accordingly, both Google and Sundan Pichai are DISMISSED as parties in this proceeding.
[4] More information pertaining to Jefferson's arrest is described in the arresting officer's "Statement of Probable Cause." (Exhibit, ECF No. 1 at 11.)

2

appears Jefferson's main contention against the Facebook Defendants stems from his picture being placed on Facebook during this arrest.[5]

On January 10, 2018, Facebook Defendants filed a Motion to Dismiss Plaintiff Jefferson's Complaint with prejudice[6] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 4.) Alternatively, if this Court finds it has jurisdiction over this dispute, Facebook Defendants request that this case be dismissed based upon Plaintiff's failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and because Plaintiff's claim is barred by § 230 of the Communications Decency Act. Despite notice from this Court to Plaintiff Jefferson (ECF No. 8), Plaintiff did not file a response to the Motion to Dismiss.

## STANDARD OF REVIEW

### I. Motion to Dismiss

#### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United*

---

[5] Specifically, subsequent to his arrest, Jefferson claims that:
> [H]e was placed on Facebook and picture was not arrested and or book for nothing and told officer to call his girlfriend leaved on next block over his character was messed up and some who was emotional stress and people harassed in the street and in public . . . .

(ECF No. 1 at 6.)

[6] Facebook Defendants believe that dismissal with prejudice is appropriate "because any amendment would be futile." (ECF No. 4 at 3.) However, given Plaintiff's *pro se* status, the dismissal of this case as to all Defendants will be without prejudice.

3

*States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765

4

(4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed. App'x 141(4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

### I. Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Facebook Defendants' Motion to Dismiss alleges that Plaintiff Jefferson's Complaint is insufficient to establish subject matter jurisdiction. (ECF No. 4.) Since the Facebook Defendants are facially challenging this Court's authority to hear the Complaint, this Court will only grant the motion if Plaintiff's "claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Therefore, in order to establish this Court's jurisdiction over the case, Plaintiff must show either: (1) a federal question is in dispute under 28 U.S.C. § 1331; or (2) diversity of citizenship between the parties under 28 U.S.C. § 1332. Failure to establish subject matter jurisdiction under federal question or diversity of citizenship results in the dismissal of this case.

Although Plaintiff Jefferson claims federal question as the basis for this Court's subject matter jurisdiction,[7] he fails to cite any federal statutes, treaties, or provisions of the United States Constitution that are at issue here. (ECF No. 1 at 4.) Rather, his only claim is for "defamation of character" (ECF No. 1 at 9), which is a common law tort governed by

---

[7] On the civil cover sheet, Plaintiff checked neither federal question nor diversity jurisdiction as the basis for this Court's subject matter jurisdiction, erroneously claiming that the United States government is a defendant. (ECF No. 1 at 9.)

5

state law. Thus, this "is not a federal cause of action" and Plaintiff has failed to establish any federal question related to his claim. *Levar v. Morris*, No. CV-ELH-16-574, 2016 WL 827367, at *2 (D. Md. Mar. 3, 2016) (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)).

Having determined that there is no federal question jurisdiction, this Court considers whether there is diversity of citizenship. In order to establish diversity of citizenship, a plaintiff must show that: (1) the parties are citizens of different states; and (2) that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Here, Plaintiff Jefferson fails to satisfy either element of diversity of citizenship, and thus, Section 1332 does not provide a basis for the exercise of federal jurisdiction.

First, the Complaint fails to provide sufficient information that the parties are citizens of different states. Although Defendant Facebook is a public company incorporated in Delaware[8] and Defendant Mark Zuckerberg is a resident of California, the citizenship of Facebook Defendants is inadequate by itself to establish diversity jurisdiction without confirmation of Jefferson's citizenship. On the civil cover sheet of the Complaint, Jefferson claims he is a subject of a foreign country, but elsewhere, he suggests he lives in Maryland. (*Id.* at 2, 9.) Since Jefferson has failed to provide adequate information apprising this Court of his citizenship, he has not alleged that the parties are "citizens of different states." *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (dismissing a complaint where it "alleged neither citizenship nor domicile, but only residence . . . and thus did not properly invoke the court's diversity jurisdiction").

---

[8] Plaintiff alleges that Facebook is incorporated in California, but this is inaccurate. Facebook is incorporated under the laws of Delaware and holds its principle place of business in California. (ECF No. 4 at 4 n.4.)

Second, Jefferson has failed to adequately determine a sufficient amount in controversy. Although in general "the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction," the plaintiff's claim "must appear to be made in good faith." *McDonald v. Patton*, 240 F.2d 424, 425 (4th Cir. 1957). Here, however, it is plain that Jefferson's claim was not made in good faith. Jefferson asserts that the amount in controversy is $700 million dollars without any explanation of how he was harmed or how this amount was calculated. (ECF No. 1 at 5.) Therefore, this figure appears to be "a mere pretense as to the amount in dispute" and "will not avail to create jurisdiction." *McDonald*, 240 F.2d at 425; *see also Gonzalez v. Fairgale Properties Co., N. V.*, 241 F. Supp. 2d 512, 518 (D. Md. 2002) (dismissing the action for lack of subject matter jurisdiction because the requested damages are "too speculative and immeasurable to satisfy the amount in controversy requirement" (citation and internal quotation marks omitted)). In summary, Plaintiff has failed to provide sufficient facts supporting diversity of citizenship jurisdiction. Therefore, this Court is without subject matter jurisdiction over Plaintiff's claims and his Complaint must be DISMISSED.

II. **Failure to State a Claim Under Rule 12(b)(6)**

Even if this Court had either federal question or diversity jurisdiction over this case, Facebook Defendants have additionally argued that this case should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because of Plaintiff Jefferson's failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

Here, Jefferson's Complaint includes a one-paragraph statement of the claim[9] that fails to give Facebook Defendants "fair notice of what the claim is and the grounds upon which it rests" under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation and internal quotation marks omitted). In other words, it is unclear what actions Facebook Defendants took or how their actions were unlawful. Jefferson appears to be unhappy with someone posting his picture on Facebook during his arrest on September 16, 2015, but fails to explain what role the Facebook Defendants played in this event. (ECF No. 1 at 6.) Jefferson also claims "his character was messed up," but does not allege that *anyone* made a defamatory statement. In fact, to date, Facebook Defendants' counsel claims to have "contacted Plaintiff by phone on more than one occasion," but Jefferson has neither responded nor provided any additional information or context that might provide a basis for this lawsuit to proceed.

Under Maryland law,[10] to state a claim for defamation, a plaintiff must plead: (1) that the defendants made a defamatory statement to a third person; (2) that the statement was false; (3) that the defendants were legally at fault in making the statement; and (4) that the plaintiff thereby suffered harm. *Booth v. Maryland*, 327 F.3d 377, 384 (4th Cir. 2003) (citing *Gohari v. Darvish*, 767 A.2d 321, 327 (2001)). Here, Plaintiff Jefferson does not identify any allegedly defamatory statement made by Facebook Defendants nor does he claim that the

---

[9] The Complaint includes an affidavit written by Plaintiff's girlfriend. (ECF No. 1 at 8.) However, this Court does not consider non-integral documents while ruling on a Motion to Dismiss.

[10] Assuming this Court had jurisdiction based on diversity of citizenship, Maryland choice of law rules would apply. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir.2007). ("Because we sit in diversity in this case, we must apply the substantive law of the forum state including its choice of law rules." (citation omitted)). Under Maryland choice of law rules, the substantive law to be applied in a defamation case is that of the state in which the alleged wrong occurred. *Ferrell v. Google*, No. CIV.A. TDC-15-1604, 2015 WL 4637767, at *1 (D. Md. July 31, 2015). More important, regardless of which state law the Court were to apply, dismissal is appropriate because Plaintiff has failed to plead any facts establishing an actionable statement or publication of such statement.

8

unidentified defamatory statement is false or caused him to suffer harm. Without a factual basis for his defamation claim, Jefferson fails to meet the plausibility standard required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. Defamation Claims and the Communications Decency Act

Finally, to the extent that Plaintiff Jefferson properly alleged that Facebook Defendants are liable for defamatory content that another Facebook user posted on this site, Facebook Defendants argue that § 230 of the Communications Decency Act (CDA) precludes lawsuits seeking to hold an interactive computer service provider liable for content created by its users. *See* 47 U.S.C. § 230. Under the CDA, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* § 230(c)(1). Indeed, as stated by the United States Court of Appeals for the Fourth Circuit, "[b]y its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997); see *also Hare v. Richie*, No. CIV. ELH-11-3488, 2012 WL 3773116, at *14 (D. Md. Aug. 29, 2012) ("[T]he Fourth Circuit is among the courts that clearly view the § 230 provision as an immunity." (citation and internal quotation marks omitted)). In addition, the CDA immunity is broad and must be determined at "the earliest possible stage of the case." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Facebook argues that it is entitled to the CDA immunity because it is a "provider" of "interactive computer service." 47 U.S.C. § 230(c)(1). The CDA broadly defines "interactive

9

computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." *Id.* § 230(f)(2). The "prototypical service qualifying for this statutory immunity [under § 230(c)(1)] is an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others." *Hare*, 2012 WL 3773116, at *15 (quoting *FTC v. Accusearch, Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009) (internal quotation marks omitted)). Although Facebook allows its users to post more than just messages, the Facebook Defendants argue that as a platform for third-party generated content, it is analogous to the prototypical example of an online messaging board. Further, other courts have concluded that Facebook meets this definition. *See, e.g., Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014) (holding that both Facebook and Mark Zuckerberg are protected by the CDA), *cert. denied*, 135 S. Ct. 680 (2014); *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 155-156 (E.D.N.Y. 2017) (dismissing complaint under Rule 12(b)(6) stating that "Facebook makes out a sufficient affirmative defense pursuant to Section 230(c)(1) of the [CDA]."); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015) (finding that Facebook acts as an interactive computer service). Further, nothing in the Complaint suggests that Facebook was itself "responsible" for the "creation" or "development" of any content—defamatory or not.[11] Therefore, Jefferson's claim is squarely barred by the CDA. *See Nemet Chevrolet, Ltd.*, 591 F.3d at 259 (upholding CDA immunity against defamation claim because "[t]here is nothing but [plaintiff's] speculation which pleads Consumeraffairs.com's

---

[11] Facebook is entitled to its CDA immunity so long as it does not also act as an "information content provider," which is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

10

role as an actual author in the Fabrication Paragraph"); *Russell v. Implode-Explode Heavy Indus. Inc.*, No. CIV.A. DKC 08-2468, 2013 WL 5276557, at *9 (D. Md. Sept. 18, 2013) (upholding CDA immunity against defamation claim because Plaintiff does not suggest that "[the interactive computer service provider's] control over the alleged defamatory article exceeded editorial functions"). Accordingly, any defamation claim Jefferson might have is barred by the Communications Decency Act and Facebook Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, Facebook Defendants' Motion to Dismiss (ECF No. 4) is GRANTED and Plaintiff Jefferson's claims are DISMISSED.

A separate Order follows.

Dated: July 2, 2018

_____
Richard D. Bennett
United States District Judge